[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 167
Mr. Ernie J. Richardson Prosecuting Attorney Butler County 201 West Pine Street Poplar Bluff, Missouri 63901
Dear Mr. Richardson:
This is in response to your opinion request in which you ask:
 "Do Sections 205.968 through 205.972, RSMo. require that the County Court (or other governing body of any county or city not within a county in this state) establish a Sheltered Workshop before a Board of Directors can be appointed and before any tax revenue collected pursuant to these Sections is disbursed or otherwise expended by such a Board of Directors;
 "Or, do these Sections authorize and permit the appointment of a Board of Directors, without first establishing a Sheltered Workshop, and such Board of Directors thereafter expending and disbursing the tax revenue to and in behalf of a not for profit corporation (incorporated for the purpose of implementing the provisions of Sections 178.900
to 178.970 RSMo.) that was existing at the time the qualified voters of the County approved the levy and collection of the tax."
You also state that:
 "Pursuant to Section 205.971 RSMo. the qualified voters of Butler County approved the levy and collection of a tax for the purpose of establishing and maintaining a County Workshop. At this time, there was existing in Butler County a Sheltered Workshop known as Manufacturers Assistance Group. (A not for profit corporation incorporated for the purposes outlined in Sections 178.900 to 178.970 RSMo.) It appeared to be the understanding of the qualified voters of the County, and all other parties involved, that the tax revenue collected would be used for the benefit of this existing Sheltered Workshop. Thereafter, the County Court appointed a nine member Board of Directors pursuant to Section 205.970
RSMo. It did not establish a separate Butler County Sheltered Workshop before or after appointing the Board of Directors. It was the County Court's understanding that the Board of Directors so appointed would control, supervise, and expend the tax revenue in behalf of the existing Sheltered Workshop, Manufacturers Assistance Group."
Under Section 205.968, RSMo Supp. 1975, the county court is given authority to establish a sheltered workshop or a residence facility, or both, for the care or employment or both of certain handicapped persons. Under Section 205.970, when such a facility is established the county court is required to appoint a board of directors to serve without compensation. Such board of directors has the sole administrative control and management of the facility under that section and has authority to employ necessary personnel and to provide suitable quarters and equipment for the operation of the facility from funds available for that purpose. Further, under that section the board is required to set the rules for admission to the facility and to do other things necessary to implement the purposes of Sections 205.968 to 205.972, RSMo Supp. 1975. Notably, also under that section the board has the authority to contract with any not for profit corporation including any corporation which is incorporated for the purpose of implementing the provisions of Sections 178.900 to 178.970, RSMo, for any common services, or for the common use of any property of either group. Under Section 205.971, RSMo Supp. 1975, the county court upon approval of the majority of the qualified voters of such county has the authority to levy and collect a tax not to exceed 2 mills per $1.00 of assessed valuation upon all taxable property within the county for the purpose of establishing and maintaining the county sheltered workshop or residence facility, or both. Funds collected for this purpose are required to be deposited in a special fund for the facility and cannot be used for any other purpose. These deposits in the fund are required to be expended only upon the approval of the facility's board of directors.
It can readily be seen from the sections we have summarized above that these provisions do not authorize the levy and collection of a tax for a sheltered workshop which has been established as a not for profit corporation. The only reference in these sections to not for profit corporations is, as we noted, in subsection 5 of Section 205.970, in which the board is given authority to contract with such corporations "for any common services, or for the common use of any property of either group." Thus, this law anticipates that a county workshop may be established, a board of directors appointed by the county court to operate such county workshop, and the tax levy made with the approval of the voters for the establishment and maintenance of the county workshop.
These laws do not authorize the distribution of tax money by the board of directors to a not for profit corporation. In fact there would be a constitutional question involved under Section 38(a) of Article III of the Missouri Constitution in any law which would purport to authorize the distribution of tax funds to private corporations.
We conclude that it is implicit within the provisions of Sections 205.968, et seq., RSMo Supp. 1975, that tax levies made thereunder be used as provided in Section 205.971 "for the facility and should be used for no other purpose." In this respect we view subsection 5 of Section 205.970 with respect to the authority of the board to contract with such not for profit corporations as contemplating a quid pro quo for any common services, or for the common use of any property of either group. Subsection 5 does not authorize the board of directors to turn tax money over to the not for profit corporation to be spent by such corporation.
CONCLUSION
It is the opinion of this office that sections 205.968 through205.972, RSMo Supp. 1975, respecting county sheltered workshops do not authorize the distribution of tax money collected for a county workshop to a not for profit corporation.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN C. DANFORTH Attorney General